## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ASHH, INC. D/B/A OOZE WHOLESALE,

      Plaintiff,

v.                                      Civil Action No.

MELBOURNE LLC D/B/A UNITED
WHOLESALE DISTRIBUTORS OF
MELBOURNE,

      Defendant.

_____/

### COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF AND
### DEMAND FOR JURY TRIAL

Plaintiff Ashh, Inc. d/b/a Ooze Wholesale (hereinafter, "Plaintiff" or "Ooze"), by its attorneys, for its Complaint against Defendant Melbourne LLC d/b/a United Wholesale Distributors of Melbourne ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.     Defendant has directly, willfully, and intentionally violated Plaintiff's trademark rights by: selling counterfeit and infringing goods in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, committing unfair competition and false designation of origin under 15 U.S.C. §1125(a), and violating Plaintiff's state statutory and common law rights.

2.     Ooze is one the nation's leading distributors of smoking accessory products and has been recognized as one of the fastest growing businesses in the United States.

3.     Crucial to Ooze's growth and success is its distinctive OOZE branding, consisting of several registered trademarks.

4.     Defendant has deliberately violated Ooze's intellectual property rights by selling

1

counterfeit Ooze vaporizer batteries. Defendant's actions have infringed Ooze's trademark rights. Defendant has profited by passing off infringing goods as those associated with Ooze, when they are not. These actions have caused Ooze considerable damage, including lost sales and loss of control over the quality of goods sold under its brand.

5.      Ooze has demanded that Defendant immediately cease and desist its counterfeiting and infringing conduct.

## PARTIES

6.      Ooze is a Michigan corporation with its principal place of business located at 13231 Northend Avenue, Oak Park, Michigan 48237.

7.      Upon information and belief, Defendant is a limited liability company organized under the laws of Florida with its principal place of business at 4451 Enterprise Court, Suite J, Melbourne, Florida 32934.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

9.      The state law claims pleaded herein arise under the laws of the State of Florida.

10.     This Court has supplemental jurisdiction over the subject matter of the Plaintiff's state law claims pursuant to 28 U.S.C § 1367, in that those claims are so related to the Plaintiff's federal claims that they form part of the same case or controversy.

11.     Alternatively, this Court has jurisdiction over the subject matter of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a), in that this is an action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of

2

interest and costs.

12.     Venue is appropriate in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

13.     This Court has personal jurisdiction over the Defendant because it is a company organized under the laws of Florida with its principal place of business in Florida, in this District and Division.   Moreover, as described further below, Defendant intentionally infringed on intellectual property rights that it knew were owned by Plaintiff.   Defendant's actions were expressly aimed at Florida, and caused harm in Florida that Defendant knew was likely to be suffered.

## FACTUAL BACKGROUND

14.     Ashh, Inc. d/b/a Ooze Wholesale is a distributor of smoking accessory products throughout the United States.   Ooze was recently listed as No. 58 (second in the state of Michigan) on the Annual Inc. 5000 list of the nation's fastest growing private companies.   *See* Inc.com, *Inc 5000 Profile - Ooze Wholesale*, https://www.inc.com/profile/ashh-dba-ooze-wholesale.

15.     Ooze's flagship brand is OOZE, which is the brand name of one of the best-selling vaporizer batteries worldwide.   Authentic OOZE brand batteries are highly regarded for their quality, and Ooze takes great care to assure the quality and consistency of its products.

### Ooze's Trademarks

16.     The OOZE word trademark, the  stylized trademark, and the "O"  trademark discussed herein are used extensively throughout the United States on vaporizer pen batteries, as well as related chargers, coils, pipes, ashtrays and other smoking accessories.

33767830.4

17.     Ooze has established valuable and enforceable rights in its trademarks through bona fide and continuous use of its marks in commerce and related advertising.

18.     Ooze is the owner of the following U.S. trademark registrations (True and correct copies of the following registrations are attached hereto as **Exhibit "A"**):

    a. U.S. Reg. No. 5,124,990, registered January 17, 2017, for the mark OOZE, in connection with "oral vaporizers for smoking purposes; electronic smoking pipes; tobacco grinders" in Class 34;

    b. U.S. Reg. No. 5,807,341, registered July 16, 2019, for the mark OOZE, in connection with "tote bags" in Class 9, and "footwear; headwear; hoodies; jackets; shirts; shorts; socks" in Class 25;

    c. U.S. Reg. No. 5,851,113, registered September 3, 2019, for the mark OOZE in connection with "batteries; battery chargers" in Class 9;

    d. U.S. Reg. No. 5,851,104, registered September 3, 2019, for the design mark  in connection with "batteries; battery chargers" in Class 9, and "oral vaporizers for smoking purposes; tobacco grinders; electronic smoking pipes; smokers' rolling trays" in Class 34; and

    e. U.S. Reg. No. 5,851,101, registered September 3, 2019, for the design mark  in connection with "batteries; battery chargers" in Class 9, "footwear; headwear; hoodies; shirts" in Class 25, and "oral vaporizers for smoking purposes; smokers' rolling trays; smoking pipes; tobacco grinders" in Class 34.

19.     The above registrations were duly issued in compliance with law, they are valid and subsisting, and are prima facie evidence of the validity and registration of the trademarks above and Ooze's ownership thereof and right to exclusive use.  Collectively, these registered

trademarks specified in Paragraph 18 are referred to herein as the "OOZE Trademarks."

20.     Ooze also owns and operates a website at the URL www.Oozelife.com to further increase the connection of the OOZE brand with its consumers.

21.     The OOZE Trademarks symbolize the goodwill of Plaintiff, and are an intangible asset of substantial commercial value.   These marks are inherently strong, and also strong as a result of Plaintiff's extensive sales, advertising, and promotional efforts.

22.     Plaintiff has spent considerable sums establishing the OOZE brand and the OOZE Trademarks in the minds of its consumers and the public, and has established itself as a source of high quality smoking accessories and products.

### Defendant's Unlawful Counterfeiting

23.     On information and belief, Defendant is a distributor of smoking accessory products.

24.     Ooze has been investigating the distribution of infringing and counterfeit OOZE brand vaporizer battery products in smoke shops, gas stations, and other retailers throughout the country.  As a result of this investigation, Ooze learned that Defendant is responsible for importing, manufacturing, distributing, or selling counterfeit OOZE vaporizer battery products.  Specifically, Plaintiff directed the purchase of goods from Defendant, and has determined that Defendant is selling counterfeit OOZE vaporizer batteries ("Counterfeit Batteries"), including in large quantities, to stores and other retailers as a distributor.  Attached at **Exhibit "B"** is a true and accurate copy of a photograph of a receipt for and sample of one of the Counterfeit Batteries purchased from Defendant.

25.     As shown in the images below, Defendant sells the Counterfeit Batteries in packaging that is virtually identical to the packaging for a genuine OOZE brand vaporizer battery.

5

33767830.4

An authentic OOZE brand product appears on the left; a Counterfeit Battery purchased from Defendant appears on the right:





GENUINE PRODUCT                    COUNTERFEIT PRODUCT

26.     After it tested the goods purchased directly from Defendant, Ooze determined that the goods, which it neither supplied to Defendant nor authorized, are Counterfeit Batteries.

27.     However, consumers who purchase Defendant's Counterfeit Batteries and use them are unlikely to be able to tell the difference.  Thus, any harm or even disappointment they experience from purchasing and using the Counterfeit Batteries is likely to be attributed falsely to

6

Ooze.

28.     Importantly, Ooze cannot vouch for a Counterfeit Battery's safety or quality, since it has not, by definition, been subjected to any quality control or other oversight by Ooze.

29.     Upon inspection, Ooze found that the Counterfeit Batteries, including those sold by Defendant, are of a substantially inferior quality.  Moreover, many Counterfeit Batteries do not contain the safety mechanisms employed by genuine OOZE brand vaporizer battery products to prevent overcharging and overheating, thus putting the safety of the consumer at risk.

30.     On information and belief, Defendant is selling the Counterfeit Batteries to other retailers.

31.     When Defendant sells Counterfeit Batteries to other retailers, upon information and belief, those retailers in turn sell the Counterfeit Batteries to consumers.

32.     On information and belief, the retailers sell Counterfeit Batteries where consumers would expect to find authorized OOZE brand vaporizer battery products, thereby directly competing with Ooze's authentic products.

33.     Upon information and belief, Defendant is selling or otherwise distributing the Counterfeit Batteries willfully to earn significant profits from counterfeiting, in deliberate disregard of consumers' health and safety.

34.     Sales of Counterfeit Batteries replace sales of authentic OOZE brand vaporizer battery products one-for-one.

### Ooze's Efforts to End the Infringement And Defendant's Unwillingness to Cooperate

35.     After discovering Defendant's wrongdoing, Ooze demanded that it cease selling Counterfeit Batteries.  Defendant has refused to comply.

7

33767830.4

36.     On November 26, 2019, counsel for Ooze sent a letter by Certified Mail to Defendant addressing Defendant's wrongful conduct. A true and correct copy of the letter is attached hereto as **Exhibit "C."** Counsel for Ooze advised Defendant that it was infringing on Ooze's intellectual property rights by offering for sale and selling the Counterfeit Batteries, and demanded that Defendant cease and desist such actions. Counsel for Ooze also demanded that Defendant turn over all Counterfeit Batteries in its possession or control, and provide Ooze with certain information, including the number of Counterfeit Batteries sold by Defendant and the source or sources of such products. *See* Exhibit C.

37.     On December 13, 2019, counsel for Plaintiff received notice that Defendant refused delivery of its November 26, 2019 letter. A true and correct copy of the delivery refusal is attached hereto as **Exhibit "D."**

38.     On information and belief, Defendant continues to sell and distribute Counterfeit Batteries.

### Defendant's Continued Infringement Is Causing Irreparable Harm

39.     Defendant's willful and intentional misconduct, described above, is depriving Ooze of the absolute right to control the quality of products distributed using OOZE Trademarks.

40.     In so doing, Defendant is jeopardizing the goodwill and value associated with the OOZE Trademarks.

41.     Exacerbating the risk of injury to Ooze is the fact that Defendant's Counterfeit Batteries are of a vastly inferior quality compared with Ooze's authentic OOZE brand products, but the products look very similar to the average consumer. It is well-publicized that batteries carry inherent risks of explosion and fire, risks that are increased with respect to counterfeit and infringing goods manufactured at lower cost and with fewer safety precautions than genuine goods.

33767830.4

42.     Further, consumers deceived by Defendant's Counterfeit Batteries have purchased and will purchase Defendant's Counterfeit Batteries instead of Ooze's authentic products.

43.     Thus, consumers are likely to think less favorably of Ooze than if they had purchased Ooze's high-quality authentic products.

44.     As a direct and proximate result of the foregoing, Ooze has suffered and, unless Defendant's conduct is enjoined by this Court, will continue to suffer actual economic damages in the form of lost sales, revenues, and profits, as well as immediate and irreparable harm for which it has no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT OF REGISTERED MARKS
### (15 U.S.C. §1114)

45.     Ooze repeats and re-alleges by reference the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

46.     Ooze owns valid and enforceable rights in the OOZE Trademarks in connection with all of the goods at issue in this case by virtue of its extensive use, promotion, and advertisement of the marks, as well as its federal registrations for the marks, and has possessed such rights at all times material hereto.

47.     Defendant has actual and constructive notice of Plaintiff's federal trademark rights, and has adopted and used counterfeit versions of the OOZE Trademarks in conjunction with the distribution, offer of sale, and sale of vaporizer batteries in interstate commerce.

48.     Defendant has no right or authority to distribute, sell, or otherwise offer in commerce any products bearing any OOZE Trademark.

49.     Nevertheless, Defendant has continued to sell and otherwise offer in commerce counterfeit goods bearing counterfeit OOZE Trademarks, and has made clear its intention to

9

continue to do so, despite Ooze's demand to cease and desist.

50.     Defendant markets its counterfeit and infringing goods in the same marketing channels and to the same customer base as Ooze.

51.     Defendant's use of the counterfeit OOZE Trademarks without the authorization of Plaintiff has caused and will continue to cause a likelihood of confusion among consumers and potential consumers as to the source or origin of Defendant's products, and the sponsorship or endorsement of those goods by Ooze.

52.     Defendant's actions constitute willful infringement of the OOZE Trademarks under 15 U.S.C. §1114.

53.     As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered and is suffering irreparable harm to the value and goodwill associated with its OOZE Trademarks and their reputation in the industry.

54.     Unless Defendant is restrained from further infringement of the OOZE Trademarks, Ooze will continue to be irreparably harmed.

55.     Ooze has no adequate remedy at law that will compensate for the continued irreparable harm it will suffer if Defendant's willful misconduct is allowed to continue.

56.     As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered damage to its valuable OOZE Trademarks and other damages in an amount to be proved at trial.

## COUNT II: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(a))

57.     Ooze repeats and re-alleges by reference the allegations in paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

33767830.4

58.     In violation of 15 U.S.C. § 1125(a), Defendant, in connection with the Counterfeit Batteries, is using in commerce trademarks and trade dress which was or is likely to cause confusion or to cause mistake, or to deceive, as to an affiliation, connection, or association with Ooze when in fact there is none.

59.     Without limitation, Defendant is willfully infringing Ooze's exclusive rights in and to the OOZE Trademarks.

60.     As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered and is suffering irreparable harm to the value and goodwill associated with the OOZE Trademarks, and to Ooze's reputation as a distributor of high-quality OOZE brand products.

61.     Unless Defendant is restrained from further infringement of the OOZE Trademarks, Ooze will continue to be irreparably harmed.

62.     Ooze has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's willful misconduct is allowed to continue.

63.     As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered damage to its valuable OOZE Trademarks and other damages in an amount to be proved at trial.

## COUNT III: SALE OF COUNTERFEIT GOODS
### (15 U.S.C. §1116(d)(1)(B))

64.     Ooze repeats and re-alleges by reference the allegations in paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

65.     Because certain of Defendant's Counterfeit Batteries contain exact duplicates of the registered OOZE Trademarks, these uses meet the definition of a counterfeit mark pursuant to 15 U.S.C. §1116(d)(1)(B).

33767830.4

66.     Defendant is liable for the remedies afforded Plaintiff under the Lanham Act, 15 U.S.C. §§1101 *et seq*., for use of counterfeit marks in commerce, including but not limited to injunctive relief, treble damages, attorneys' fees, and statutory damages.

67.     At all material times, Defendant's use of the counterfeit marks has been willful, knowing, and intentional.

## COUNT IV: UNFAIR COMPETITION UNDER
## THE COMMON LAW OF FLORIDA

68.     Ooze repeats and re-alleges by reference the allegations in paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

69.     Defendant's acts are likely to cause confusion or mistake, or to deceive as to Defendant's affiliation, connection, or association with Ooze, or as to the origin, sponsorship, or approval of Defendant's goods, which Defendant is passing off as those of Ooze.

70.     Defendant's acts, which are willful and wanton, constitute unfair competition in violation of the common law of the State of Florida.

## COUNT V: VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR
## TRADE PRACTICES ACT (FLA. STAT. §501.201 ET SEQ.)

71.     Ooze repeats and re-alleges by reference the allegations in paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

72.     In violation of Fla. Stat. § 501.204, Defendant used and is using in commerce, without Ooze's consent, a reproduction, counterfeit, copy, or colorable imitation of the OOZE Trademarks in connection with the sale, offering for sale, or advertising of the Counterfeit Batteries, which is likely to cause confusion, or to cause mistake, or to deceive.

73.     Also in violation of Fla. Stat. § 501.204, Defendant used and is using in commerce trademarks and trade dress which were and are likely to cause confusion, or to cause mistake, or

12

to deceive, as to an affiliation, connection, or association with Ooze.

74.     Defendant's actions constitute unfair, unconscionable, or deceptive methods, acts or practices in conduct of trade or commerce, and interfere with Ooze's exclusive rights in and to the OOZE Trademarks.

75.     Defendant's actions are willful, wanton, deliberate and in bad faith.

76.     As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered and is suffering irreparable harm to the value and goodwill associated with the OOZE Trademarks and its reputation in the industry.

77.     Unless Defendant is restrained from further unfair, unconscionable, or deceptive methods, acts or practices in conduct of trade or commerce that interferes with Ooze's exclusive rights, Ooze will continue to be irreparably harmed.

78.     Ooze is entitled to its reasonable attorneys' fees as a result of Defendant's violations of the Florida Deceptive and Unfair Trade Practices Act.

## **RELIEF REQUESTED**

WHEREFORE, Ooze respectfully requests that this Court enter a judgment in its favor and against Defendant, and award Ooze relief as follows:

A.     Judgment in Plaintiff's favor and against Defendant on all counts of the Complaint; and

B.     Judgment that, in all instances, Defendant acted in bad faith, willfully, intentionally, and/or in malicious disregard of Ooze's lawfully protected rights.

C.     For an order enjoining Defendant, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendant forever cease and desist and refrain from, anywhere in the world:

i.       Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any counterfeit OOZE products, including but not limited to OOZE vaporizer batteries, or any OOZE products not sold under the authority of Ooze, or any packaging for same containing infringing OOZE Trademarks or any colorable imitation thereof;

ii.      Selling or passing off, or inducing or enabling others to sell or pass off, any OOZE vaporizer battery products, or other OOZE-branded products not authorized by Ooze, which are not produced, imported, or distributed under the control or supervision of Ooze, and/or approved for sale by Ooze;

iii.     Committing any acts calculated to cause purchasers to believe that counterfeit or infringing OOZE vaporizer battery products are being sold under the control or supervision of Ooze, when they are not;

iv.      In any way infringing or damaging the OOZE Trademarks;

v.       Importing, shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Ooze to be sold or offered for sale in the United States bearing the OOZE Trademarks;

vi.      Otherwise unfairly competing with Ooze in any manner;

vii.     Attempting, causing, or assisting in any of the above-described acts, including, but not limited to enabling others to conduct the scheme described above, or passing along information to others to allow them to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell counterfeit or infringing OOZE products, including, but not limited to OOZE vaporizer batteries; and

14

viii.      Destroying or disposing of any documents, records, or electronically-stored information related to the import, manufacture, distribution, advertisement, promotion, making, purchase, offers to sell, or sale of any product that has been or is intended to be sold in packaging containing OOZE Trademarks.

D.      For an Order enjoining Defendant and its agents, employees, representatives, successors, and assigns from forming or causing to be formed any corporation, partnership, or other entity that engages in any of the conduct described above.

E.      For an Order requiring Defendant to cooperate with Ooze in good faith in its investigation of counterfeit or infringing sales of OOZE products, including, without limitation, by:

i.      Permitting Ooze representatives or their designees to conduct inspections of Defendant's inventories of vaporizer battery products to determine whether any such products bearing OOZE Trademarks are counterfeit or infringing, and to retain possession of and destroy any such counterfeit or infringing products;

ii.      Responding to reasonable requests for information about Defendant's source(s) of counterfeit or infringing OOZE vaporizer battery products; and

iii.      Cooperating with Ooze representatives or their designees in their investigations of any source(s) of counterfeit or infringing OOZE vaporizer battery products.

F.      For an Order:

i.      Requiring Defendant to account for and pay over to Ooze all profits derived from its wrongful misconduct to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

15

33767830.4

ii.      Requiring Defendant to account for and pay to Ooze enhanced damages resulting from its wrongful misconduct to the full extent provided for by Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

iii.      Awarding Ooze actual damages or statutory damages in an amount not less than Two Million Dollars ($2,000,000) per trademark pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

iv.      Awarding Ooze damages to the full extent provided by Florida statutory and common law in an amount as yet to be determined, including punitive damages from its willful and wanton actions;

v.      Awarding Ooze its costs of suit, including reasonable attorneys' fees;

vi.      Requiring Defendant to pay Ooze prejudgment interest on each of the foregoing monetary awards; and

vii.      Awarding such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Ooze respectfully requests a jury trial on all claims so triable.

33767830.4

Dated: March 6, 2020                     Respectfully submitted,

                                         /s/ Ava K. Doppelt
                                         Ava K. Doppelt
                                         Florida Bar No. 393738
                                         adoppelt@allendyer.com
                                         **ALLEN, DYER, DOPPELT & GILCHRIST, P.A.**
                                         255 S. Orange Avenue, Suite 1401
                                         Orlando, Florida 32801
                                         Tel. (407) 841-2330
                                         Fax: (407) 841-2343

                                         Deborah J. Swedlow *Pro Hac Vice* pending
                                         Michigan Bar No. P67844
                                         bswedlow@honigman.com
                                         Andrew M. Pauwels *Pro Hac Vice* pending
                                         Michigan Bar No. P79167
                                         apauwels@honigman.com
                                         Ka'Nea K. Brooks *Pro Hac Vice* pending
                                         Michigan Bar No. P82092
                                         kbrooks2@honigman.com
                                         **HONIGMAN LLP**
                                         2290 First National Building
                                         660 Woodward Avenue
                                         Detroit, Michigan  48226-3506
                                         Phone: (313) 465-7290
                                         Fax: (313) 465-7291

                                         *Attorneys for Plaintiff* ASHH, INC. D/B/A OOZE
                                         WHOLESALE

17

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# OOZE

**Reg. No. 5,124,990**

**Registered Jan. 17, 2017**

**Int. Cl.: 34**

**Trademark**

**Principal Register**

Ooze, Inc. (MICHIGAN CORPORATION)
Suite 501
3000 Town Center
Southfield, MI 48075

CLASS 34: Oral vaporizers for smoking purposes; electronic smoking pipes; tobacco grinders

FIRST USE 5-00-2016; IN COMMERCE 5-00-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-590,741, FILED 04-08-2015
BARBARA A GOLD, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# OOZE

**Reg. No. 5,807,341**

**Registered Jul. 16, 2019**

**Int. Cl.: 18, 25**

**Trademark**

**Principal Register**

ASHH, INC.  (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 18: Tote bags

FIRST USE 2-00-2016; IN COMMERCE 2-00-2016

CLASS 25: Footwear; Headwear; Hoodies; Jackets; Shirts; Shorts; Socks

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-396,545, FILED 04-03-2017



Director of the United States
Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

# OOZE

**Reg. No. 5,851,113**

**Registered Sep. 03, 2019**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Ashh, Inc. (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5124990

SER. NO. 88-322,627, FILED 03-01-2019



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,851,104**

**Registered Sep. 03, 2019**

**Int. Cl.: 9, 34**

**Trademark**

**Principal Register**

Ashh, Inc.  (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 34: Oral vaporizers for smoking purposes; Tobacco grinders; Electronic smoking pipes; Smokers' rolling trays

FIRST USE 5-00-2016; IN COMMERCE 5-00-2016

The color(s) green and light green is/are claimed as a feature of the mark.

The mark consists of the letter "O" in light green over a stylized letter "O" in darker green surrounded by green splashmarks; the white is not a feature of the mark and appears as background only.

SER. NO. 88-322,570, FILED 03-01-2019

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,851,101**

**Registered Sep. 03, 2019**

**Int. Cl.: 9, 25, 34**

**Trademark**

**Principal Register**

Ashh, Inc.  (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 25: Footwear; Headwear; Hoodies; Shirts

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 34: Oral vaporizers for smoking purposes; Smokers' rolling trays; Smoking pipes; Tobacco grinders

FIRST USE 5-00-2016; IN COMMERCE 5-00-2016

The color(s) green and light green is/are claimed as a feature of the mark.

The mark consists of a stylized word "OOZE" in green outlined in light green with drip marks in green below the word.

OWNER OF U.S. REG. NO. 5124990

SER. NO. 88-322,540, FILED 03-01-2019



Director of the United States
Patent and Trademark Office

# EXHIBIT B



# EXHIBIT C

# HONIGMAN.

Ka'Nea Brooks
Office: 734.418.4276
kbrooks2@honigman.com

**VIA CERTIFIED MAIL**
**RECEIPT NO. 7004 2510 0001 4367 5777**

November 26, 2019

Mr. Jayesh Desai
Melbourne LLC d/b/a
United Wholesale Distributors of Melbourne
4451 Enterprise Court, Suite J
Melbourne, FL 32934

*Re:*   *Unlawful Sales of Counterfeit OOZE Pens*

Dear Mr. Desai:

We represent Ashh, Inc. d/b/a Ooze Wholesale ("Ashh") in intellectual property matters. Ashh has asked us to contact you regarding your unlawful distribution, sale and offer for sale of counterfeit OOZE® oral vaporizer pens and batteries.

As you are surely aware, Ashh is the owner and exclusive distributor of the OOZE brand. Ashh owns trademark rights in the OOZE mark, including U.S. Trademark Registration Nos. 5124990 for the mark OOZE for oral vaporizers, electronic smoking pipes and tobacco grinders; 5851113 for OOZE for batteries and chargers; 5851101 for the OOZE Logo **ooze** for batteries, chargers, vaporizers, rolling trays, pipes, grinders and apparel; and 5807341 for bags and apparel. The OOZE brand is one of the most well-known and popular brands in the industry, and among one of the most successful brands distributed by Ashh. As such, the trademarks represent incredible value and goodwill to Ashh.

Ashh has discovered that you are importing, distributing, offering for sale, and selling counterfeit OOZE pens and batteries. The packaging of your counterfeit products is virtually identical to the genuine OOZE packaging. See Attachment A.

The sale of counterfeit OOZE pens and batteries can carry significant risks of consumer injury. While genuine OOZE pens and batteries are carefully tested and manufactured for safety, counterfeit products have no such safety features and could even result in explosion and serious bodily harm to consumers. Thus, by selling counterfeit products, you are putting consumers at risk and causing significant potential liability to both you and the retailers to whom you are selling.

In addition, your sale of counterfeit OOZE products is in violation of Ashh's recognized trademark rights. The Lanham Act prohibits use in commerce of any reproduction or counterfeit of a counterfeit mark where such use is likely to cause confusion, mistake, or to deceive. See 15

# HONIGMAN.

Mr. Jayesh Desai
November 26, 2019
Page 2

U.S.C. § 1114(1)(a). Your importation, distribution, sale and offer for sale of counterfeit products containing identical branding to the genuine OOZE products is likely to cause confusion and deception in the marketplace, because consumers will assume the product is genuine Ashh product with all of the attending safety precautions, when that is not the case. Your distribution of products that are of inferior quality are likely to cause damage to the business and reputation of Ashh and its products. In cases involving intentional use of a counterfeit mark, a court will "unless the court finds extenuating circumstances, enter judgment for three times [defendant's] profits or damages [suffered by the plaintiff], whichever amount is greater, together with a reasonable attorney's fee. . ." Alternatively, a plaintiff can elect statutory damages in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale or distributed. Further, if the court finds that the use of the counterfeit mark was willful, the court can award up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the court considers just." 15 U.S.C. §1117(a)-(c). Your actions here are clearly willful.

Ashh requests that you immediately:

(1) Cease and desist all importation, distribution, offer for sale, sale, or other use of counterfeit or confusingly similar Ashh trademarks, including but not limited to the OOZE mark, OOZE logo, OOZE packaging trade dress, TWIST SLIM PEN mark, or any other Ashh trademarks;

(2) Provide us with an accounting of your sales pertaining to counterfeit Ashh trademarks for the last two (2) years, including: a) total number of items purchased, and the purchase price; b) total number of Ashh/OOZE products sold; c) gross and net profit per item; d) total gross and net profits associated with the sale of Ashh/OOZE products. Please support your figures with your sales records;

(3) Turn over to us all Ashh inventory in your possession or control, and let us know whether you are awaiting any additional orders that are still in transit (and if so, the details of those orders/shipments);

(4) Provide us with information regarding the source of the OOZE products you purchased, including but not limited to sales invoices, shipping documentation receipts, credit card receipts and payment information, e-mail or other communications with the seller/distributor, and any other information you may have to help Ashh to understand and identify the source of the accused products.

If we do not receive written confirmation of the above and your **full and complete response by December 9, 2019**, Ashh may pursue legal action against you without further notice. In the event you cooperate with Ashh in this matter and provide information that will allow Ashh to uncover the source of counterfeit products, Ashh will consider that information favorably to you. If you would like to discuss the specifics of such an arrangement, please contact me.

# HONIGMAN.

Mr. Jayesh Desai
November 26, 2019
Page 3

Nothing in this letter is intended to waive any rights, remedies, claims, causes of action, or defenses of Ashh, all of which are expressly reserved.

Very truly yours,

HONIGMAN LLP

Ka'Nea Brooks

Enclosure
cc:  Anessa Owen Kramer, Esq.

# ATTACHMENT A



# EXHIBIT D



HONIGMAN®

Ka'Nea Brooks, Esq.
315 E. Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108-3330

CERTIFIED MAIL™

7004 2510 0001 4367 5777

Mr. Jayesh Desai
Melbourne LLC d/b/a
Unite
4451
Melb

RETURN TO SENDER
UNABLE TO FORWARD

UNITED STATES POSTAGE
PITNEY BOWES
$ 006.95⁰
NOV 26 2019
MAILED FROM ZIP CODE 48108